## HARTFORD, Estate of, In re.

Ohio Appeals, Seventh District, Columbiana County.

No. 764.   Decided January 2, 1958.

Hunston, Atkinson & Lower, Salem, for applicants-appellees, Robert S. Hartford, Admr., d.b.n. c.t.a. of the Estate of Henry E. Hartford, deceased, Robert S. Hartford and Robert C. Rowe.

Riddle & Riddle, Lisbon, for Lynn R. Riddle, Executor of the Estate of Nettie E. Hartford, Deceased.

**OPINION**

Per CURIAM.

The Judge of the Court of Probate sustained the motions filed on July 16 and 17, 1954, by Robert C. Rowe, as an individual, and Robert S. Hartford, individually and as administrator, d.b.n. c.t.a. of the Estate of Henry E. Hartford, deceased, to open the four accounts of Nettie E.

Hartford filed by her as executrix of the estate of Henry E. Hartford, deceased, and to vacate the orders settling and approving such accounts entered May 13, 1938, November 10, 1939, October 11, 1940, and July 18, 1951, and allowed exceptions to all interested parties.

Notices of the filing of the accounts were duly given prior to the approval by the Probate Court, to which accounts no exceptions nor objections were saved nor made by any person or persons.

The motions filed July 16 and 17, 1954, were filed under the provisions of §10506-34 through 10506-40 GC, one day before the three year statute of limitations expired on the account approved July 18, 1951.

Lynn R. Riddle, executor of the estate of Nettie E. Hartford, deceased, appealed on questions of law from the orders of the court of probate for the purpose of determining whether from the record facts the applicants have established a clear and convincing right to have the accounts opened and vacated long after the approval of such accounts and the resignation and death of Nettie E. Hartford. In the absence of a bill of exceptions we must answer this question in the affirmative.

Upon hearing had the motion of appellees, Robert S. Hartford as administrator d.b.n. c.t.a. of the Estate of Henry E. Hartford, deceased, Robert S. Hartford as an individual, and Robert C. Rowe, as an individual, to dismiss the appeal on the ground no bill of exceptions was filed was denied from the bench for the reason that facts sustaining appellant's contention could be shown from the face of the record. Their motion to affirm the judgment of the court of probate will be disposed of hereafter herein.

As we interpret the arguments and briefs of counsel Nettie E. Hartford, executrix of the estate of Henry E. Hartford, deceased, reopened the estate of Henry E. Hartford on April 15, 1951, for the sole purpose of disposing of real property situated in the commonwealth of Pennsylvania, and on July 18, 1951, the executrix's account was approved and her resignation accepted, which by reason of such arguments and briefs we accept as a fact though not disclosed by a bill of exceptions.

On January 28, 1953, Nettie E. Hartford died.

Applicants claim the right to open the first three accounts filed by Nettie E. Hartford is authorized by §10506-4 (d) GC, then in effect, which section provides "that as to persons having notice of the hearing" the order settling an account should not be final in case of fraud or collusion.

Applicants claim fraud or collusion existed but this court can not determine in the absence of a bill of exceptions the correctness of applicants' claim.

The trial judge in his journal entry of June 10, 1957, found:—

"On consideration, the court finds that Lynn R. Riddle as executor aforesaid complied with the court's orders of July 16 and 17, 1954, requiring him to serve all interested beneficiaries under the will of Nettie E. Hartford, deceased, with notice of said motions to vacate and open and of the time and place of the hearing thereon, that all interested persons are properly before the court, and that applicants have proved grounds for opening each of said four accounts and vacating each of the orders settling the same."

Defendants contend by brief that such entry:—

"* * * can be susceptible to only one interpretation, and that is, that the trial court found the claims as set forth in the applicant's motion to have been proved and for that reason without finding 'fraud' to have been actually established, approval of the accounts were set aside so that the question of fraud may be set up on filing exceptions to the account. If this is correct, then it is the contention of the executor that the order must be reversed, because the court is without power to vacate the approval of the account, except fraud be established to the satisfaction of the court by clear and convincing proof. (See **Nyuis, Estate of, In Re: Nyuis, Admr. v. Burch, Jr., 65 Abs 65.**)"

Without a bill of exceptions showing the contrary we must assume that the words "and that applicants have proved grounds for opening each of said four accounts and vacating each of the orders settling the same" were based upon proof of fraud shown by the required degree.

The judgment of the Court of Probate is affirmed.

NICHOLS, PJ, GRIFFITH and PHILLIPS, JJ, concur.